# Order

**Michigan Supreme Court**
**Lansing, Michigan**

August 21, 2006

3 May 2006

128878

46TH CIRCUIT TRIAL COURT,
        Plaintiff, Counter-Defendant,
        Third-Party Plaintiff-Appellee,

v

COUNTY OF CRAWFORD and CRAWFORD
COUNTY BOARD OF COMMISSIONERS,
        Defendants, Counter-Plaintiffs,
        Third-Party Plaintiffs-Appellants,
and

COUNTY OF KALKASKA,
        Intervening Defendant,
        Counter-Plaintiff, Third-Party
        Plaintiff-Appellant,
and

COUNTY OF OTSEGO,
        Third-Party Defendant.
_____

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 128878
COA: 254179
Crawford CC: 02-005951-CZ

        On order of the Court, on the Court's own motion, the opinion of July 28, 2006 is amended as follows:

        On page 27 of the slip opinion, the third sentence of the first full paragraph which currently reads:

        "Where the total or line item appropriation is insufficient, the court must go
        back to the county board of commissioners to seek an additional
        appropriation."

is inconsistent with AO 1998-5.  AO 1998-5 states that a trial court may not move funds between line items absent the prior approval of the funding unit in only two situations, in order to: (a) create new personnel positions or to supplement existing wage scales or benefits; or (b) reclassify an employee to a higher level of an existing category.  For all

other transfers between line items, AO 1998-5 merely requires courts to "notify the funding unit . . . of transfers between lines within 10 business days of the transfer." Thus, the common understanding of the AO has been that a court may transfer funds between line items, thereby exceeding the amount appropriated within one of the lines, absent prior approval of the funding unit-- subject to the two exceptions above-- as long as it gives notice within 10 days and does not exceed the total appropriation.

Accordingly, the third sentence of the first full paragraph on page 27 of the slip opinion is corrected to read as follows:

"Where the total or line item appropriation is insufficient, the court must follow the procedures set forth in AO 1998-5."



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

August 21, 2006

_____
Clerk

t0721